IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KLEVER MILAN MULLO,<br><br>Petitioner,<br>v.<br><br>J.L. JAMISON, et al.,<br><br>Respondents. | CIVIL ACTION<br>NO. 26-6039 |

**ORDER**

**AND NOW**, this 1st day of September 2026, upon consideration of Petitioner Klever Milan Mullo's Petition for Writ of Habeas Corpus (Doc. No. 1) and Respondents' Response in Opposition to Petitioner's Habeas Petition (Doc. No. 2), it is **ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1) is **GRANTED**.[1] It is **FURTHER ORDERED** as follows:

---

[1] Petitioner Klever Milan Mullo ("Petitioner") is a citizen of Ecuador who entered the United States in 2021. (Doc. No. 1 at 5.) On August 18, 2026, Petitioner was arrested by United States Immigration and Customs Enforcement ("ICE") agents. (Id. at 2.) Petitioner is detained at the Federal Detention center in Philadelphia. (Id.)

On August 19, 2026, Petitioner filed a Petition for Writ of Habeas Corpus (Doc. No. 1), which is now before the Court. In that Petition, he asks the Court to order his release. (Doc. No. 1 at 10–13.) On August 20, 2026, Respondents filed a Brief in Opposition to Petitioner's Habeas Petition. (Doc. No. 2.) The Petition is now ripe for disposition.

In his Petition, Petitioner submits that Respondents are detaining him in violation of Immigration and Nationality Act, specifically 8 U.S.C. § 1226(a), the Administrative Procedure Act, and the Due Process Clause of the Fifth Amendment. (Doc. No. 1 at 13–17.)

Respondents assert that their authority to detain Petitioner stems not from 8 U.S.C. § 1226(a), but instead from 8 U.S.C. §1225(b)(2). (Doc. No. 2 at 1.) That distinction is critical because Section 1226(a) provides procedural protections for detainees—protections that Section 1225(b)(2) lacks. See 8 C.F.R. § 1236.1(d), (c)(8) (providing those detained under Section

1226(a) with individualized custody determinations, bond hearings, and rights of appeal); see also Jennings v. Rodriguez, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention."). If, instead, Respondents are correct that Section 1225(b)(2) applies to Petitioner, then Petitioner's continued detention is not only mandatory, but Petitioner's request for release is baseless.

After the Parties submitted briefs, the United States Court of Appeals for the Third Circuit issued an Opinion that governs this dispute. See Buele Morocho v. Warden Phila. FDC, No. 26-cv-1150, 2026 WL 2546223 (3d Cir. Aug. 28, 2026). In Buele Morocho, the Third Circuit found that "[t]he INA's broader statutory scheme . . . supports the conclusion that § 1225(b) governs noncitizens arriving to the United States whereas § 1226 governs those already within our borders." Id. at *5. As a result, the Third Circuit held that Section 1225(b)(2) is inapplicable to habeas petitioners who are not detained at the border. Id. at *7.

In the present case, Petitioner was not detained by ICE agents at the border and has been residing in the United States since 2021. (Doc. No. 1 at 5.) Consequently, the Court holds as follows: (1) the Court has jurisdiction to hear Petitioner's case, and (2) only Section 1226(a) may govern Petitioner's detention. Because Section 1226(a) provides for a bond hearing and Petitioner has not received one, Petitioner has demonstrated that his continued detention violates his rights under that provision.

The Third Circuit also held that the petitioners in its case were being detained in violation of the Due Process Clause because they "have lived in the United States for decades [and] they have 'established connections' in the country." Buele Morocho, 2026 WL 2546223, at *8 (citing Department of Homeland Security v. Thuraissigiam, 591 U.S. 103, 107 (2020)). However, because this Court would grant the same relief, a bond hearing, if it found Petitioner's continued detention violated the Due Process Clause, it is unnecessary to reach that constitutional issue. See Montano-Gordillo v. Jamison, No. 26-cv-3030, 2026 WL 1949503, at *2 (E.D. Pa. July 6, 2026) (citing the canon of constitutional avoidance in not addressing potential violations of the Due Process Clause in the context of an immigration habeas petition that invoked violations of both Section 1226(a) and the Due Process Clause); see also Contreras-Gelves v. Jamison, (Doc. No. 22 at 3 n.1), 26-cv-4429 (E.D. Pa. Aug. 19, 2026) (noting that courts have not released petitioners even after finding due process violations and that courts have broad discretion in fashioning habeas relief).

Accordingly, Petitioner is entitled to the procedural protections afforded by Section 1226(a)—namely, a bond hearing before an Immigration Judge. As such, the Court will order Respondents to provide Petitioner with a bond hearing under Section 1226(a) by September 11, 2026. If Respondents do not hold a bond hearing by September 11, 2026, Petitioner must be released from detention while he awaits that hearing.

For the foregoing reasons, the Court will grant Petitioner Klever Milan Mullo's Petition for Writ of Habeas Corpus (Doc. No. 1).

1) By September 11, 2026, Respondents must provide Petitioner with a bond hearing under 8 U.S.C. 1226(a), in which the parties will be allowed to present evidence and argument regarding whether Petitioner is a danger to the community and presents a flight risk if not detained.

2) If Respondents fail to hold a bond hearing by September 11, 2026, they must release Petitioner from detention while he awaits the bond hearing.

3) By September 16, 2026, the parties shall provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Petitioner's release.

BY THE COURT:

/s/ Joel H. Slomsky

JOEL H. SLOMSKY, J.